IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DARIN LEE JONES,<br><br>               Plaintiff,<br><br>vs.<br><br>LT. MORE, *et al.*,<br><br>               Defendants. | Case No. 3:18-cv-00249-RRB<br><br>**ORDER<br>DENYING MOTIONS TO AMEND<br>COMPLAINT AND GRANTING IN<br>PART MOTIONS FOR DISCOVERY<br>Dockets 103, 107, 109,<br>110, 111, 112, & 115** |

## I. INTRODUCTION

Plaintiff filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983 on October 15, 2018, and the parties are now proceeding on Plaintiff's Third Amended Complaint.[1] Plaintiff alleges violations of his right to be free from cruel and unusual punishment, alleging that he was intentionally housed with an inmate with a known history of violence, and that as a result he sustained injuries that went untreated.[2] He alleges that two prison employees were complicit in these attacks, and the failure to provide medical treatment afterward.[3] Defendants deny all of Plaintiff's claims. Pending before

---

[1] Dockets 1 & 30. Plaintiff seeks money damages for personal injuries allegedly suffered while in custody, as well as punitive damages, and seeks a jury trial.
[2] Docket 30.
[3] The D.O.C. was terminated as a defendant, but the claims against Lt. More and CO McCullough were approved to proceed. Docket 31.

the Court are several motions filed by Plaintiff regarding discovery and amending the Complaint.

## II. PENDING MOTIONS

### A. Proposed Fourth and Fifth Amended Complaints (Dockets 103, 109, 111, & 115)

Plaintiff filed a proposed Fourth Amended Complaint as an attachment to **Docket 103**, and attempted to file a Fifth Amended Complaint at **Docket 109**, with a motion to do so at **Docket 111**. A review of the purported "Fourth Amended Complaint"[4] reveals that it is not an amended complaint, but rather further argument about incidents Plaintiff has experienced in various prisons, medical (mis)treatment, alleged miscalculation of his release date, and a variety of other complaints. At **Docket 109**, Plaintiff suggests the need to amend his Complaint due to ongoing health and safety issues associated with being housed with an inmate who spreads feces around their cell while Plaintiff fights off an infection associated with his knee surgery. At **Docket 111**, Plaintiff moves to amend his complaint "for bad knee surgery," stating that his leg may have to be amputated, and expressing his belief that D.O.C. is intentionally committing criminal acts against him as retaliation for this lawsuit. At **Docket 115**, Plaintiff seeks relief following the denial of grievances in 2023 associated with the same facts found at Docket **109**, asking that the Court "take notice that D.O.C. is tr[y]ing to kill me." Plaintiff makes further attempts at Docket 119 to justify amending his complaint.

---

[4] Docket 103-1.

*Jones v. More, et al.*                                                Case No. 3:18-cv-00249-RRB
Order Denying Motions to Amend Complaint and Granting in Part Motions for Discovery         Page 2
Case 3:18-cv-00249-RRB     Document 127     Filed 07/07/23     Page 2 of 10

Federal Rule of Civil Procedure 15(a) governs the process for amending pleadings. A plaintiff may amend a complaint in three circumstances: (1) within 21 days after service or within 21 days of a responsive pleading or a motion under Federal Rule of Civil Procedure Rules 12(b), (e), or (f); (2) with the opposing party's consent; or (3) with the Court's permission.[5] Additionally, Local Civil Rule 15.1 governs this Court's practice for amending pleadings: "The proposed amended pleading must not incorporate by reference any prior pleading, including exhibits."[6] Additionally, after a court issues a scheduling order, a plaintiff must further abide by Federal Rule of Civil Procedure 16. On April 5, 2022, the Court issued a Scheduling Order directing the parties to file any amended pleadings by August 31, 2022. A party seeking to file an amended complaint after that date must first file a motion to amend the scheduling order to modify the deadline and show good cause under Federal Rule of Civil Procedure 16.[7]

Regardless of the motions procedure here, substantively Plaintiff's additional claims cannot be litigated in this action. Rule 20 of Federal Civil Procedure permits the addition of new defendants to a civil action, if (1) the relief arises out of the same transactions or occurrences and (2) there is a question of law or fact common to all defendants.[8] "Permissive joinder is to be liberally construed to promote the expeditious

---

[5] Fed. R. Civ. P. 15(a).
[6] Local Civil Rule 15.1.
[7] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–11 (9th Cir. 1992) (discussing that amending a complaint after a district court has issued a scheduling order is governed by Federal Rule of Civil Procedure Rule 16(b)); *see also Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 459 (9th Cir. 2012).
[8] Fed. R. Civ. P. 20.

*Jones v. More, et al.*   Case No. 3:18-cv-00249-RRB
Order Denying Motions to Amend Complaint and Granting in Part Motions for Discovery   Page 3
Case 3:18-cv-00249-RRB   Document 127   Filed 07/07/23   Page 3 of 10

determination of disputes, and to prevent multiple lawsuits."[9] Even if the requirements of Rule 20 are met, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness or would result in prejudice to either side.'"[10] This includes considering factors such as: "the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action."[11] Contrary to Plaintiff's belief that all of his issues are connected and should be litigated in this case, the 2018 assault and the alleged malpractice related to a knee surgery that took place in 2022 do not rise out of a common nucleus of operative fact. These new claims cannot be joined to this action. If Plaintiff wishes to seek relief for his medical claims, he must file a separate action as to those events and defendants. Plaintiff's motions to amend the Third Amended Complaint are **DENIED**.

**B. Discovery and Interrogatories
(Dockets 103, 107, 109, & 110)**

On April 7, 2023, this Court issued an order at Docket 102 stating that if Plaintiff "has a specific witness he wishes to depose, who has evidence relevant to the issues raised in the Third Amended Complaint, the Court will permit that to occur

---

[9] *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015).
[10] *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).
[11] *Desert Empire Bank*, 623 F.2d at 1375.

*Jones v. More, et al.* Case No. 3:18-cv-00249-RRB
Order Denying Motions to Amend Complaint and Granting in Part Motions for Discovery Page 4
Case 3:18-cv-00249-RRB   Document 127   Filed 07/07/23   Page 4 of 10

providing it can be done in a timely fashion," and provided that Plaintiff could pay the Court Reporter.[12] The Court also indicated that it was not likely to permit further discovery beyond what was provided at Docket 102. Plaintiff's filing at **Docket 103**, dated the next day, contains proposed interrogatories to Lt. More, (Docket 103-2), Troy C. Henley (Docket 103-3), Nurse Kara M. Abbe, LPN, (Docket 103-4), CO Yankee (Docket 103-5), CO Flannagon/Bawden (Docket 103-6), and Alex Bender (Docket 103-7). Defendants construe Docket 103 as a motion to amend the scheduling order to reopen discovery, with discovery requests attached.[13] Defendants suggest that Plaintiff has not met the good cause standard of Rule 16(b) to warrant reopening discovery, which closed nearly a year ago on June 30, 2022. Specifically, "Jones provides no justification for why he did not work with his provisional counsel to conduct written discovery into his claims against Lt. More in a timely fashion."[14]

At **Docket 107**, dated April 26, 2023, Plaintiff responded to the order at Docket 102, and asked for 30 minutes to depose each individual. But at **Docket 109**, dated two weeks later, Plaintiff stated that he cannot pay the court reporter, and submitted discovery requests directly to the Court while noting that he may still want to take depositions. Plaintiff also requests his medical file from January 2009 through the present and housing logs from August 2017 through January 2019. Alternatively, he requests "all the investigators findings" regarding Grundy's write-up history. Four days later, at

---

[12] Docket 102 at 4. The Court notes that in the Order at Docket 102, Plaintiff is erroneously referred to as "Defendant" at page 4, line 7.
[13] Docket 116 at 2.
[14] Docket 116 at 4.

*Jones v. More, et al.* Case No. 3:18-cv-00249-RRB
Order Denying Motions to Amend Complaint and Granting in Part Motions for Discovery Page 5
Case 3:18-cv-00249-RRB   Document 127   Filed 07/07/23   Page 5 of 10

**Docket 110**, Plaintiff filed a discovery request asking for the answers to the aforementioned discovery requests. Defendants argue Plaintiff's requests at Dockets 109 and 110 are untimely and should be denied.[15]

The Court has previously granted Plaintiff's request for his own medical file.[16] Grudy's relevant incident reports will be produced as previously identified by the Court's *in camera* review. Defendants state that Plaintiff's "bed history" was already produced in discovery at Bates numbers SOA00101 through SOA00102.[17] But Plaintiff alleges that every time he is placed in the hole, his legal work is tampered with and documents are lost.[18] Plaintiff also says he is missing the CD containing his medical file.[19] It is unclear if his "medical file" is contained in the documents Bates numbered SOA 00001–02141, which Defendants produced in 2022,[20] or if this is discovery produced in response to this Court's order at Docket 102. The Court is cognizant of the difficulties associated with litigating a matter *pro se* from prison. Legal boxes are frequently misplaced when prisoners are moved or sent to segregation. In the interest of judicial economy and expedient resolution, Defendants shall reproduce (1) Plaintiff's bed history SOA00101 through SOA00102 and (2) his medical file. The Court finds the minimal burden and prejudice to Defendants in this action is outweighed by the continued discovery litigation. The Court cautions the Plaintiff: this is a one-time only grant. The Court will

---

[15] Docket 116 at 7.
[16] Docket 102 at 5.
[17] Docket 116 at 8; Docket 117, Declaration of Christopher Yandel ¶¶ 4–5.
[18] Docket 110.
[19] Docket 118.
[20] Docket 117, Declaration of Christopher Yandel ¶ 4.

*Jones v. More, et al.*             Case No. 3:18-cv-00249-RRB
Order Denying Motions to Amend Complaint and Granting in Part Motions for Discovery     Page 6
Case 3:18-cv-00249-RRB   Document 127   Filed 07/07/23   Page 6 of 10

not order the additional production of any additional materials or lost documents, unless extraordinary good cause is shown.

With respect to the interrogatories propounded at Docket 103, Plaintiff received the assistance of counsel for the discovery process, a description of which counsel provided when moving to withdraw from the limited appointment.[21] Plaintiff's former counsel represented that discovery was complete, including a deposition of CO McCullough. Plaintiff has not shown good cause to reopen the discovery process—for which he had counsel and which is now well past the deadline. Plaintiff's motions for further discovery at **Dockets 103, 107, 109, & 110** are **DENIED**.

C. Transfer Request
(Dockets 107 & 119)

"Jones also appears to request a preliminary injunction ordering the Department of Corrections to keep him housed in the medical segregation unit at Anchorage Correctional Center."[22] Plaintiff alternatively asks to be housed outside of Alaska until his sentencing.[23] But Defendants argue that Plaintiff's "conclusory claim that he is prone to infections and thus needs to stay in the medical segregation unit fails to show any of [the preliminary injunction] elements,"[24] nor is the Department of Corrections a party to this case under Rule 65(d)(2).[25]

---

[21] Docket 71.
[22] Docket 116 at 5, citing Docket 107 at 1.
[23] Docket 119.
[24] A plaintiff seeking a preliminary injunction must establish (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. Federal Rule of Civil Procedure 65(a).
[25] Docket 116 at 6.

*Jones v. More, et al.* Case No. 3:18-cv-00249-RRB
Order Denying Motions to Amend Complaint and Granting in Part Motions for Discovery Page 7
Case 3:18-cv-00249-RRB   Document 127   Filed 07/07/23   Page 7 of 10

"[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State . . . [or] in any particular State."[26] And courts "routinely conclude that they lack the authority to transfer an inmate from one facility to another."[27] "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States."[28] The Supreme Court has acknowledged that "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform," and "the problems of prisons in America are complex and intractable," requiring "expertise, planning, and the commitment of resources . . . peculiarly within the province of the legislative and executive branches of government."[29] It has defined prison administration as "a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint."[30]

This Court declines to order a change in Plaintiff's housing status, and defers to the prison authorities on how best to house Plaintiff in light of his circumstances.

**D.  Motion to Add Evidence
(Docket 112)**

At **Docket 112,** Plaintiff filed a "Motion to Add Evidence" with eleven exhibits all showing State of Alaska Bates stamps. Defendants understandably do not know how to

---

[26] *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (footnote omitted).
[27] *See Kealoha v. Espinda*, 2020 WL 5602837, at *4 (D. Haw. Sept. 18, 2020) (citing cases).
[28] *Meachum v. Fano*, 427 U.S. 215, 229 (1976).
[29] *Turner v. Safley*, 482 U.S. 78, 84–85 (1987) (citations omitted).
[30] *Id*.

*Jones v. More, et al.*  Case No. 3:18-cv-00249-RRB
Order Denying Motions to Amend Complaint and Granting in Part Motions for Discovery        Page 8
Case 3:18-cv-00249-RRB   Document 127   Filed 07/07/23   Page 8 of 10

respond to this "request to add exhibits" as they lack context. The Court agrees that consideration and admission of exhibits for trial, if that is the intent, is premature.

### E. Request for Settlement
### (Docket 111)

Plaintiff also asks for an arbitrator to help settle this case, including the issues with his knee surgery.[31] He raises the issue of arbitration again at Docket 118. The Court has offered to arrange a settlement judge,[32] and it appears Plaintiff is open to possible settlement. However, "Defendants do not believe mediation would be fruitful at this time."[33] Accordingly, the Court declines to order a settlement conference at this time.

## III. CONCLUSION

In light of the foregoing, it is hereby ORDERED as follows:

1. The requests at **Dockets 103, 109, 111, & 115** to amend or to add new injuries to the Complaint are **DENIED**. This matter continues to proceed on the Third Amended Complaint.

2. With respect to the interrogatories propounded at **Docket 103**, and the requests at **Docket 110,** Plaintiff's motion to amend the scheduling order and to compel discovery is **DENIED**.

3. Plaintiff's request for discovery of his own housing logs and medical records at **Docket 109** is **GRANTED** in the interests of moving this matter forward.

---

[31] Docket 111 at 2.
[32] Docket 102 at 5.
[33] Docket 116 at 10.

*Jones v. More, et al.* Case No. 3:18-cv-00249-RRB
Order Denying Motions to Amend Complaint and Granting in Part Motions for Discovery Page 9

Case 3:18-cv-00249-RRB    Document 127    Filed 07/07/23    Page 9 of 10

4. With respect to the exhibits filed at **Docket 112,** any motion to enter exhibits into the record for purposes of trial is **DENIED WITHOUT PREJUDICE**.

5. Plaintiff's requests for a transfer and/or medical segregation at **Dockets 107 & 119** are **DENIED**.

6. Plaintiff's request for a settlement conference at **Docket 111** is **DENIED WITHOUT PREJUDICE** at this time.

IT IS SO ORDERED this 7th day of July 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Jones v. More, et al.*   Case No. 3:18-cv-00249-RRB
Order Denying Motions to Amend Complaint and Granting in Part Motions for Discovery   Page 10
Case 3:18-cv-00249-RRB   Document 127   Filed 07/07/23   Page 10 of 10