IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DARIN LEE JONES,<br><br>    Plaintiff,<br><br> vs.<br><br>LT. MORE, *et. al.*,<br><br>    Defendants. | Case No. 3:18-cv-00249 RRB<br><br>**ORDER GRANTING MOTION<br>FOR SUMMARY JUDGMENT and<br>DISMISSING CASE**<br>**(Dockets 123, 138)** |

## I. INTRODUCTION

Plaintiff filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983 on October 15, 2018.[1] Plaintiff's Third Amended Complaint was modified by the Court to permit Plaintiff to proceed against the remaining Defendants, Lt. Harry Moore[2] and Correctional Officer (CO) McCullough.[3] Plaintiff alleges that Defendants violated the due process clause of the Fourteenth Amendment (*i.e.*, his right to be free from cruel and unusual punishment), by failing to protect him from unsafe prison conditions when he was

---

  [1] Docket 1.
  [2] Although the case caption reflects Plaintiff's original and amended Complaints which name "Lt. More" as a defendant, filings by the defendant indicate his name is "Moore." *See* Docket 37 (Answer to the Third Amended Complaint); Docket 142 (Declaration of Harry Moore).
  [3] Dockets 30, 31.

housed with an inmate with a known history of violence, and that as a result he suffered numerous injuries.[4]

Defendants have filed a Motion for Summary Judgment in which they dispute Plaintiff's allegations and request that Plaintiff's Complaint be dismissed with prejudice, based on established case law and the doctrine of qualified immunity.[5] Plaintiff opposes the motion, and Defendants have replied.[6]

## II. BACKGROUND

This case arises from an incident that occurred on September 26, 2018, at the Anchorage Correctional Complex (ACC) in cell # 6. Six Incident Report Forms provide an overview of the incident and establish that Plaintiff was housed in a prison cell with another cellmate the day before the incident, that a fight broke out, and that Plaintiff was injured.[7] At the time of the incident, Plaintiff was a pretrial detainee.[8]

Plaintiff now seeks damages and contends that Lt. Moore, whom Plaintiff contends disliked him, placed Plaintiff in cell # 6 with a known dangerous cellmate for the purpose of inflicting injury on Plaintiff. Plaintiff also seeks damages from CO McCullough, alleging that CO McCullough took too long before entering the cell and breaking up the fight. While Plaintiff has numerous complaints about his institutional treatment over the years, and speculates extensively about the motives of the parties, the

---

[4] Docket 30.
[5] Dockets 123, 124.
[6] Dockets 140, 141.
[7] Docket 124-2.
[8] Docket 24 at 5.

facts relating to this incident are relatively straight forward. The primary dispute goes to the application of relevant law.

### III. APPLICABLE LAW

**A.  Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of proof for showing that no fact is in dispute.[9] If the moving party meets that burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact for trial.[10] The non-moving party may not rely on mere allegations or denials.[11] He must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[12]

When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party, and draw "all justifiable inferences" in the non-moving party's favor. [13] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[14] The non-moving party "must do more than simply show that there is some metaphysical

---

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).
[11] *Id.*
[12] *Id.* (citing *First National Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).
[13] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).
[14] *Id.* at 248.

*Jones v. More, et. al*  Case No. 3:18-cv-00249 RRB
Order of Dismissal  Page 3
Case 3:18-cv-00249-RRB   Document 143   Filed 10/18/23   Page 3 of 8

doubt as to the material facts."[15] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[16]

## B. Fourteenth Amendment Failure to Protect

A pretrial detainee making a claim for failure to protect in violation of the Fourteenth Amendment must show that: (1) the prison official made an intentional decision as to the conditions of confinement; (2) those conditions put the pretrial detainee at a substantial risk of serious harm; (3) the prison official did not take reasonable measures to abate the risk in a manner that made the consequences of the official's conduct obvious; and (4) by not taking such measures, the official caused the pretrial detainee's harm.[17] "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case."[18]

## C. Qualified Immunity

Government officials sued in their individual capacities pursuant to § 1983 may raise the affirmative defense of qualified immunity. Qualified immunity shields government officials from liability for civil damages when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

---

[15] *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).
[16] *Anderson*, 477 U.S. at 249.
[17] *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).
[18] *Id.* (internal quotations omitted) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

*Jones v. More, et. al*  Case No. 3:18-cv-00249 RRB
Order of Dismissal  Page 4
Case 3:18-cv-00249-RRB   Document 143   Filed 10/18/23   Page 4 of 8

have known."[19]  "[C]learly established" means that, "at the time of the officer's conduct, the law was 'sufficiently clear that every reasonable official would understand that what he is doing' is unlawful."[20]  Qualified immunity "is not available to those sued only in their official capacities."[21]  Accordingly, "[q]ualified immunity is only an immunity from a suit for money damages, and does not provide immunity from a suit seeking declaratory or injunctive relief."[22]

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[23]  Accordingly, qualified immunity is not absolute immunity, and it does not protect prison officials from violating a constitutional right that is established at the time of the alleged violation.[24]

A qualified immunity analysis consists of two prongs:  (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right; and (2) whether that right was clearly established.[25]  "This exacting standard 'gives government officials breathing room to make reasonable

---

[19] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)).
[20] *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 589 (2018) (citation omitted).
[21] *Cmty. House, Inc. v. City of Boise, Idaho,* 623 F.3d 945, 965 (9th Cir. 2010).
[22] *Hydrick v. Runter*, 669 F.3d 937, 939–40 (9th Cir. 2012) (citations omitted).
[23] *Pearson*, 555 U.S. at 231.
[24] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).
[25] *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 967 (9th Cir. 2010).

*Jones v. More, et. al*  Case No. 3:18-cv-00249 RRB
Order of Dismissal  Page 5
Case 3:18-cv-00249-RRB   Document 143   Filed 10/18/23   Page 5 of 8

but mistaken judgments' by 'protect[ing] all but the plainly incompetent or those who knowingly violate the law.'"[26]

## IV. DISCUSSION

### A. Lt. Moore

To establish liability on Lt. Moore's part for failure to protect, Plaintiff must establish that Lt. Moore made an intentional decision to house Plaintiff where there was a substantial risk of serious injury, and that he acted unreasonably in failing to detect or abate such a risk.[27] In other words, Plaintiff must establish that Lt. Moore was responsible for placing Plaintiff in cell #6 and did so with the intent of injuring Plaintiff. Plaintiff has failed to do so.

There is nothing in the record, other than Plaintiff's speculation, to suggest that Lt. Moore placed Plaintiff in the cell or ordered his placement there. Nor is there evidence that Lt. Moore was aware of who Plaintiff's cell mate might be. In fact, the evidence shows that it was CO Burket who placed Plaintiff in cell #6 the day before the incident.[28] Lt. Moore states in his Declaration that cell placement was not a task that he performed or was responsible for doing when acting as shift commander, as he was on that date.[29] Plaintiff has offered no reliable evidence otherwise.

---

[26] *City and County of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 611 (2015) (quoting *Ashcroft v. al–Kidd*, 131 S. Ct. 2074, 2085 (2011)).
[27] *Castro*, 833 F.3d at 1071.
[28] Docket 124-1 at 2. Elsewhere, Plaintiff seems to suggest that CO McCullough may have chosen to house him in cell #6. Docket 140 at 8. Regardless, the analysis would be the same.
[29] Docket 142, ¶¶ 3–7 (Moore Declaration).

*Jones v. More, et. al*                   Case No. 3:18-cv-00249 RRB
Order of Dismissal                      Page 6
Case 3:18-cv-00249-RRB    Document 143    Filed 10/18/23    Page 6 of 8

Finally, Plaintiff's argument that Lt. Moore sought to injure him is unsupported by any evidence, and is refuted by Lt. Moore's declaration wherein he indicates that he always took any concerns about Plaintiff's safety seriously.[30] Again, other than Plaintiff's speculation, there is no independent evidence suggesting any impropriety on Lt. Moore's behalf. Therefore, there is no causal connection between Lt. Moore's conduct and Plaintiffs injuries and Plaintiff's claims against him must be dismissed.

**B.    CO McCollough**

To establish liability on the part of CO McCollough, Plaintiff must establish that the officer's decision to wait for backup before entering the cell put Jones at a substantial risk of serious harm, and that CO McCollough "did not take reasonable measures to abate the risk."[31] Again, Plaintiff has failed to do so. The Declaration of Andrew Houser, Acting Academy Supervisor of the Department of Corrections' Training Academy, explains that the State of Alaska Department of Corrections Policies and Procedures[32] provide that correctional officers do just as CO McCullough did here.[33] After hearing the argument between the cellmates, he began to locate alternative housing. Then, after the fighting began, he sought back-up to assist in breaking up the fight and removing the prisoners from cell. To enter alone, without obtaining back up, would have violated accepted policy and would have jeopardized his own safety and the safety of others.[34]

---

[30] Docket 142 at ¶ 2.
[31] *Castro*, 833 F.3d at 1071.
[32] Docket 125-1.
[33] Docket 125.
[34] *Id*.

CO McCullough's conduct cannot be viewed as unreasonable under the circumstances, nor intended to injure Plaintiff. For these reasons, the instant Complaint must be dismissed.

Finally, Co McCullough also is immune from liability under these facts. He certainly cannot be faulted for following accepted DOC polices, and he did not violate any of Plaintiff's statutory or constitutional rights, clearly established or otherwise. Therefore, even if negligent, which the Court has not found, CO McCullough would be protected by qualified immunity.

## V. CONCLUSION

Therefore, for the reasons set forth above, as well as for those reasons clearly set forth by Defendants in their filings, the Motion for Summary Judgment at Docket 123 is GRANTED. The remaining motion at Docket 138 is DENIED AS MOOT.

This matter is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 18th day of October 2023, at Anchorage, Alaska.

                                                   */s/ Ralph R. Beistline*
                                                   RALPH R. BEISTLINE
                                         Senior United States District Judge